IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK09-81458-TJM |
| ) | A11-8033-TJM |
| M & M MARKETING, L.L.C. and ) | |
| PREMIER FIGHTER, L.L.C., ) | CH. 7 |
| ) | |
| Debtor(s). ) | |
| RICHARD D. MYERS, Bankruptcy Trustee ) | |
| of M & & Marketing, L.L.C., and Premier ) | |
| Fighter, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL L. BLUMENTHAL, an individual ) | |
| and FRANK VICARI, an individual, ) | |
| ) | |
| Defendants. ) | |

ORDER

Hearing was held in Omaha, Nebraska, on October 3, 2011, regarding Fil. #15, Motion for Sanctions, filed by defendant Michael L. Blumenthal, Fil. #16, Motion to Dismiss Adversary Proceeding, filed by defendant Michael L. Blumenthal, and Fil. #23, Resistance to Motion to Dismiss & Motion for Sanctions, filed by plaintiff Richard D. Myers. W. Patrick Betterman appeared for Richard D. Myers, Trustee, and Michael Blumenthal appeared pro se.

The Chapter 7 trustee has filed this adversary proceeding against Michael Blumenthal and Frank Vicari alleging that both were insiders of M & M Marketing, L.L.C., and Premier Fighter, L.L.C. The complaint, after listing 18 paragraphs of procedural history and "common allegations of fact," includes 14 claims for relief, asserting preferential transfers, fraudulent transfers, unjust enrichment, abuse of process, assumpsit and demands for an accounting. Defendant Michael L. Blumenthal has filed a motion to dismiss for failure to state a claim and a motion for sanctions for violation of Federal Rule of Bankruptcy Procedure 9011. He claims that a document which he identifies as Exhibit A to the complaint, but which is docketed in the court file at Fil. #28, Disclaimer of Interest, shows on its face that he is not an insider and therefore those portions of the complaint dealing with preferential transfers and fraudulent transfers were filed after the statute of limitations had run on non-insiders.

The Disclaimer of Interest reads as follows:

I, Matthew H. Anselmo, as the sole owner and manager of M & M Marketing, L.L.C. and Premier Fighter L.L.C. (both Nebraska Limited Liability Companies) hereby disclaim in my personal and corporate capacities, any interest in either company's assets, tangible or intangible, effective June 25, 2008. As the sole owner and manager of each company, I have transferred all of the assets of each company, both tangible and intangible[,] to Michael Blumenthal and Frank Vicari. I

have retained no right to and no longer have any affiliation with Premier Fighter branded products.

By:   /s/ Matthew H. Anselmo
      MATTHEW H. ANSELMO

The document was notarized on June 27, 2008.

It is the position of Mr. Blumenthal that since the Disclaimer of Interest shows that he only received the assets of the two limited liability companies, he could never be deemed an insider. The asset transfers occurred in June of 2008 and the bankruptcy petition was not filed until June of 2009. He thus concludes that he is not an insider as defined by the Bankruptcy Code and the trustee is barred from attempting to avoid preferential transfers that occurred outside the 90-day period prior to the date of the filing of the petition pursuant to 11 U.S.C. § 547(b)(4)(A).

The term "insider" is defined at 11 U.S.C. § 101(31). That section provides at (31)(B) that if the debtor is a corporation, an insider includes, among others, a director of the debtor, an officer of the debtor, or a person in control of the debtor. The complaint does not assert that Mr. Blumenthal was a director or officer of the debtors. However, it does assert that he was a person in control of the debtors and, therefore, qualifies as an insider.

A plausible argument may be made that a person who has had transferred to him all of the assets of the two limited liability companies could be considered an insider because a person in possession or ownership of all of the assets of a business would appear to be in control of the business.

However, the determination of whether an individual is an insider is a question of fact. Unless it is clear from the pleadings that the plaintiff is unable to prove the essential element of the complaint, that is, that the defendant is an insider, the court must take the allegations of the complaint as accurate.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . ., rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) (citing Twombly, 550 U.S. at 557)). The court must accept a plaintiff's specific factual allegations as true, but is not required to accept a plaintiff's legal conclusions. Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010). As long as the complaint contains "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations, it may proceed. Twombly, 550 U.S. at 556.

As mentioned above, there is a reasonable possibility that the trustee can convince the trier of fact that the "Disclaimer of Interest" is a transfer of control of the business to Mr. Blumenthal.

      Separate from the insider issue, many of the claims for relief contained in the complaint do not depend upon the insider status of Mr. Blumenthal.

      IT IS ORDERED that the Motion to Dismiss, Fil. #16, is denied and the Motion for Sanctions, Fil. #15, based on Mr. Blumenthal's opinion that the trustee has no legitimate basis for filing the complaint, is denied.

      IT IS FURTHER ORDERED that Mr. Blumenthal is granted until November 6, 2011, to file an answer.

      DATED:      October 14, 2011

      BY THE COURT:

      /s/ Timothy J. Mahoney
      United States Bankruptcy Judge

Notice given by the Court to:
      W. Patrick Betterman
      *Michael Blumenthal
      U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.