IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| M & M MARKETING, L.L.C., and ) | |
| PREMIER FIGHTER, L.L.C., ) | |
| ) | CASE NO. BK09-81458-TJM |
| Debtor(s). ) | A11-8033-TJM |
| RICHARD D. MYERS, Trustee of the ) | |
| Bankruptcy Estates of M & M Marketing, ) | CHAPTER 7 (involuntary) |
| L.L.C. and Premier Fighter, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL L. BLUMENTHAL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the Chapter 7 trustee's motion to clarify the court's ruling on the trustee's motion for summary judgment (Fil. No. 249) and resistance by the defendant (Fil. No. 255). W. Patrick Betterman and Lindsay E. Pedersen represent the trustee, and Michael J. Whaley represents the defendant.

Specifically, the trustee wants a determination that the debtors operated a Ponzi scheme with actual intent to defraud creditors; that transfers made by the debtors in furtherance of the Ponzi scheme were made with fraudulent intent; that the debtors were insolvent at the time each transfer in furtherance of the Ponzi scheme was made; and all transfers from the debtors to the defendant were made in furtherance of a Ponzi scheme.

The trustee is seeking to recover transfers made to the defendant, which he characterizes as preferential pursuant to 11 U.S.C. § 547(b) or fraudulent pursuant to 11 U.S.C. §§ 544 and 548(a)(1) and the Nebraska Uniform Fraudulent Transfer Act. The trustee has alleged that Matthew Anselmo transferred all of the assets of the debtors to the defendant while the debtors were insolvent and while the defendant was in control of the debtors; that the asset transfer was in payment of Mr. Anselmo's personal debt to the defendant, for which the debtors received no consideration; and that the transfers were part of a Ponzi scheme.

The proof of the existence of a Ponzi scheme, according to the trustee, can be found in Mr. Anselmo's plea of guilty to one count of mail fraud, and in his statements in connection with his change of plea, sentencing, and deposition in the bankruptcy litigation.

The "Ponzi scheme presumption" is an exception to the ordinary "badges of fraud" analysis used in fraudulent transfer case because it recognizes "the unique, entirely fraudulent nature of Ponzi schemes." Ritchie Capital Mgmt., L.L.C. v. Stoebner (In re Polaroid Corp.), Case No. 12-3038, 2013 WL 2455981 at *2 (D. Minn. June 6, 2013). Where the Ponzi scheme presumption applies, consideration of the badges of fraud has been held to be unnecessary. Id. The Eighth Circuit has not adopted the presumption, although at least four other federal circuits have either adopted or applied it. Id. at *3, n.4 (citing Wing v. Dockstader, 482 Fed. Appx. 361, 363 (10th Cir. 2012); Perkins v. Haines, 661 F.3d 623, 626–27 (11th Cir. 2011); Donell v. Kowell, 533 F.3d 762, 770–71 (9th Cir. 2008); Warfield v. Bryon, 436 F.3d 551, 558–59 (5th Cir. 2006)).[1]

The Ritchie Capital Mgmt. case involved the appeal of a bankruptcy decision granting the bankruptcy trustee's motion for summary judgment on the issue of actual fraudulent transfer after applying both the Ponzi scheme presumption and the traditional badges of fraud analysis. Specifically, the district court was ruling on the appellants' motion to certify the appeal directly to the Court of Appeals for a ruling on the "viability and availability" of the presumption within the Eighth Circuit. The district court denied the motion because the bankruptcy court had applied the Ponzi scheme presumption as an alternative basis for finding actual fraudulent intent, so the ruling did not involve a question of law for which there is no controlling circuit-level decision and therefore did not meet a necessary statutory requirement for certification. Subsequently, the district court heard arguments on the merits of the appeal on September 11, 2013; the matter remains under advisement.

The presumption means that "an actual intent to defraud is presumed because the transfers 'made in the course of a Ponzi scheme could have been made for no purpose other than to hinder, delay or defraud creditors.'" Gowan v. The Patriot Group, LLC (In re Dreier LLP), 452 B.R. 391, 424 (Bankr. S.D.N.Y. 2011) (quoting Bear Stearns Secs. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.), 397 B.R. 1, 8 (S.D.N.Y.2007)). Put another way,

> The thought is that proof of the existence and operation of a Ponzi scheme through a debtor-entity, and a resultant judicial finding to that effect, plus the execution of a transfer of property out of the entity in furtherance of the scheme, is sufficient to support a finding of intent on the part of the transferor to hinder, delay, or defraud contemporaneous or future creditors of the debtor-entity.

Stoebner v. Ritchie Capital Mgmt. (In re Polaroid Corp.), 472 B.R. 22, 35 (Bankr. D. Minn. 2012).

---

[1] Numerous trial-level courts have held or acknowledged that the existence of a Ponzi scheme is sufficient to prove a debtor's actual intent to defraud. See, e.g., Bash v. Textron Fin'l Corp., 483 B.R. 630 (N.D. Ohio 2012); Terry v. June, 432 F. Supp. 2d 635, 639 (W.D. Va. 2006); Picard v. Madoff, 458 B.R. 87, 104 (Bankr. S.D.N.Y. 2011); In re Old Naples Sec., 343 B.R. 310, 319 (Bankr. M.D. Fla. 2006); In re C.F. Foods, L.P., 280 B.R. 103 (Bankr. E.D. Pa. 2002); and In re World Vision Entm't, Inc., 275 B.R. 641, 656 (Bankr. M.D. Fla. 2002).

Here, Mr. Anselmo pleaded guilty to a count of mail fraud in connection with his solicitation of funds for the debtor companies on the basis of false invoices he created to give prospective investors the impression his companies were doing big business with well-known customers and simply needed short-term cash infusions to permit them to complete those orders. He explained in his petition to enter a plea of guilty that he "took a check from an individual in the amount of $200,000 and at that time made certain promises and representations that I knew that I would probably be unable to fulfill." Fil. No. 128-22 at 13-14. The prosecutor's concise outline of the evidence which would support the criminal charge at trial took up five pages of the transcript of the plea hearing. The judge accepting the plea summarized the elements of the charge:

> THE COURT: But, Mr. Anselmo, you will admit that
> you falsified documents when attempting to get people to loan
> you money?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And you knew that by providing some
> people these documents that they would be more likely to give
> you the money and that those documents were materially false
> -- material to the deal?
> THE DEFENDANT: That's correct.
> THE COURT: And then you would use the United States
> mail either to send them information or to have them send you
> money, correct?
> THE DEFENDANT: Correct.

Tr. of Guilty Plea & Sentencing Proceedings, 24:15-25:2 (Fil. No. 53).

Mr. Anselmo's attorney noted for the record he did not accept that all of the evidence recited by the prosecutor would come out at trial, or that all of the investors were in fact victims, but he did accept the facts as alleged to support the guilty plea. Id. at 24:9-14.

The federal criminal code does not contain a section specifically prohibiting Ponzi schemes. Rather, the conduct underlying a Ponzi scheme usually runs afoul of existing prohibitions against fraud, conspiracy, and money laundering. Mr. Anselmo was charged with 15 counts of wire fraud, one count of mail fraud, and four counts of making, uttering and possessing a counterfeited and forged security in connection with the conduct of a fraudulent enterprise that the government characterized as a Ponzi scheme.

"A Ponzi scheme is generally understood as a multi-client investment arrangement executed over time, in which initial investors' infusions are wrongfully siphoned off, the fund never maintains enough cash to meet all its obligations, and the earlier clients' realization on investment is funded by later clients' infusions." Manty v. Miller & Holmes, Inc. (In re Nation-Wide Exchange Servs., Inc.), 291 B.R. 131, 148-49 n.20 (Bankr. D. Minn. 2003). See also Meeks v. Red River Entm't (In re Armstrong), 285 F.3d 1092, 1093 n.3 (8th Cir. 2002) ("In a Ponzi scheme, the operator promises

investors returns on their investment which the operator intends to pay from funds provided by new investors, rather than from profits generated by the underlying business venture.").

The Ponzi scheme presumption requires proof of the existence and operation of a Ponzi scheme involving the debtor, and the debtor's transfer of property to another entity in furtherance of the scheme. In re Petters Co., 495 B.R. 887, 907 (Bankr. D. Minn. 2013). Here, the facts are sufficient to find that Mr. Anselmo conducted a Ponzi scheme, despite his stated belief that, given more time, Premier Fighter could have earned enough money through its legitimate business to repay all the fraudulent loans and investments. The government's evidence for the criminal charges against him supports it, Mr. Anselmo admits it, and Mr. Blumenthal took that position when he requested punitive damages in the state court lawsuit he filed against Mr. Anselmo. The second element has also been established, as the transfers to Mr. Blumenthal enabled the debtors to continue operating and permitted Mr. Anselmo to continue taking money from other creditors on the basis of false representations. Assuming for the purposes of this motion that a Ponzi scheme presumption is recognized in the Eighth Circuit, the trustee may utilize it.

The defendant's arguments against the use of the presumption essentially are challenges to the conclusions to be drawn from the evidence. The presumption does not serve as a final determination of liability; it remains subject to rebuttal through appropriate evidence from the defendant. Ritchie Capital Mgmt., 472 B.R. at 42.

IT IS ORDERED: The Chapter 7 trustee's motion to clarify the court's ruling on the trustee's motion for summary judgment (Fil. No. 249) is granted.

DATED:   October 10, 2013

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *W. Patrick Betterman
    *Lindsay E. Pedersen
    Michael J. Whaley
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.